IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHESTER D. AKINS, AJ-2369,  )
    Petitioner, )
     )
    v. ) 2:13-cv-47
     )
WARDEN MARK V. CAPOZZA, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Chester D. Akins for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Chester D. Akins an inmate at the State Correctional at Pittsburgh has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Akins is presently serving a five to twenty-five year sentence to be followed by a ten year probationary period following his conviction by the court of criminal conspiracy and possession with intent to deliver controlled substances at No. CP-02-CR-3184-1988 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on September 21, 1988.[1]

A post-conviction petition was filed on February 22, 1991, relief was denied and on February 4, 1993, the denial of post-conviction relief was affirmed.[2] No further relief has been sought.

In the instant petition executed on January 6, 2013 Akins contends he is entitled to relief for the following reason:

---

[1] See; Petition at ¶¶1-6 and copy of Docket Sheet at CP-02-CR-3184-1988.
[2] See: Docket Sheet at CP-02-CR-3184-1988.

Lack of jurisdiction, acceptance for value specifically alleging that "there is substitution for the personal liability, the physical body of the living man, for the actual entity that is serving as the defendant. The defendant is a fiction…"(sic.).

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case petitioner conviction became final on October 21, 1988 when the time in which to appeal expired and no appeal was pursued.[3] Gonzalez v. Thaler, U.S. (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until February 22, 1991or well after the time in which to seek post-conviction relief had expired.[4] Without deciding whether this petition met any exceptions to justify the delayed filing, it is also true that the Superior Court affirmed the denial of post-conviction relief on February 4, 1993 and the instant petition was not executed until January 6, 2013 or almost twenty years after he could have done so. Thus, combining the delay in initially

---

[3] See: Rule 902(a) Pa.R.App.P.
[4] See: 42 Pa.C.S.A. §9545(b).

seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

Accordingly, it is recommended that the petition of Chester D. Akins for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: January 25, 2013